FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   JUN 18 2026   ★

LONG ISLAND OFFICE

MRM:MEM/APW
F. #2026R00370

CR-26 0182

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

KYLIL FREEMAN,
    also known as "Ky,"

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

INDICTMENT

BULSARA, J.

Cr. No. _____   LOCKE, M. J.
(T. 18, U.S.C., §§ 924(c)(1)(A)(i),
924(c)(1)(A)(ii), 924(d)(1), 981(a)(1)(C),
1951(a), 2 and 3551 et seq.; T. 21, U.S.C.,
§§ 841(b)(1)(B)(vi), 841(b)(1)(C), 846, 853(a)
and 853(p); T. 28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

COUNT ONE
(Hobbs Act Robbery Conspiracy)

1.      In or about and between April 2020 and January 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant KYLIL FREEMAN, also known as "Ky," together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by the robbery of United States currency and narcotics from individuals who engaged in interstate commerce in Suffolk County, New York.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

COUNT TWO
(Conspiracy to Distribute and Possess with
Intent to Distribute Controlled Substances)

2.      In or about and between April 2020 and March 2025, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant KYLIL FREEMAN, also known as "Ky," together with others, did knowingly and intentionally

conspire to distribute and possess with intent to distribute one or more controlled substances, which offense involved (a) a substance containing cocaine, a Schedule II controlled substance; and (b) a substance containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).  The amount fentanyl involved in the conspiracy attributable to the defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was 40 grams or more of a substance containing fentanyl.

(Title 21, United States Code, Sections 846, 841(b)(1)(B)(vi) and 841(b)(1)(C); Title 18, United States Code, Sections 3551 et seq.)

## COUNT THREE
(Use of Firearms in Connection with a Drug Trafficking Crime)

3.    In or about and between April 2020 and March 2025, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant KYLIL FREEMAN, also known as "Ky," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a drug trafficking crime, to wit: the crime charged in Count Two, and did knowingly and intentionally possess said firearms in furtherance of such drug trafficking crime.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 2 and 3551 et seq.)

## COUNT FOUR
(Hobbs Act Robbery Conspiracy)

4.    In or about and between January 2025 and March 2025, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant KYLIL FREEMAN, also known as "Ky," together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities

in commerce, by the robbery of United States currency and goods from gambling operations in Suffolk County, New York.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

## COUNT FIVE
(Hobbs Act Robbery)

5.    On or about January 22, 2025, within the Eastern District of New York and elsewhere, the defendant KYLIL FREEMAN, also known as "Ky," together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of United States currency and goods from a gambling operation in Suffolk County, New York.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT SIX
(Brandishing a Firearm During a Crime of Violence)

6.    On or about January 22, 2025, within the Eastern District of New York and elsewhere, the defendant KYLIL FREEMAN, also known as "Ky," together with others, did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit: the crime charged in Count Five, and did knowingly and intentionally possess such firearm in furtherance of said crime of violence, which firearm was brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS ONE, FOUR AND FIVE

7.    The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged in Counts One, Four and Five, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 981(a)(1)(C) and

Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses; and (b) Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any violation of any other criminal law of the United States.

8. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

     (a)    cannot be located upon the exercise of due diligence;

     (b)    has been transferred or sold to, or deposited with, a third party;

     (c)    has been placed beyond the jurisdiction of the court;

     (d)    has been substantially diminished in value; or

     (e)    has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 924(d)(1) and 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT TWO

9. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count Two, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person

convicted of such offense to forfeit: (a) any property constituting, or derived from, any proceeds obtained directly or indirectly as a result of such offense; and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

10.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS THREE AND SIX

11.    The United States hereby gives notice to the defendant that, upon his conviction of either of the offenses charged in Counts Three and Six, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 922 or Section 924.

6

12.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 924(d)(1) and 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

/S/

_____
FOREPERSON

By: *Whitman G.S. Knapp, AUSA*
JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK